IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **TARANCE L. MIXON, individually and** | ) | CASE NO: |
| **as Administrator for the Estate of** | ) | |
| **TRACY L. MIXON, deceased** | ) | JUDGE |
| 3455 East 117th Street, Apt. 2 | ) | |
| Cleveland, Ohio 44120 | ) | |
| | ) | **COMPLAINT FOR MONEY** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HOUGH NORWOOD MEDICAL** | ) | |
| **HEALTH CENTER** | ) | |
| **C/O ADMINISTRATOR** | ) | |
| 8300 Hough Avenue | ) | |
| Cleveland, Ohio 44103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **UNIVERSITY HOSPITALS OF** | ) | |
| **CLEVELAND** | ) | |
| **C/O ADMINISTRATOR** | ) | |
| 11100 Euclid Avenue | ) | |
| Cleveland, Ohio 44106 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SOUTH EAST HEALTH CENTER** | ) | |
| **C/O ADMINISTRATOR** | ) | |
| 13301 Miles Avenue | ) | |
| Cleveland, Ohio 44105 | ) | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| **SOUTH POINTE HOSPITAL** | ) |
| **C/O ADMINISTRATOR** | ) |
| 4110 Warrensville Center Road | ) |
| Warrensville Heights, Ohio 44122 | ) |
|  | ) |
|  | ) |
| and | ) |
|  | ) |
| **HARILAL GATHA, M.D.** | ) |
| 4110 Warrensville Center Road | ) |
| Warrensville Heights, Ohio 44122 | ) |
|  | ) |
|  | ) |
| and | ) |
|  | ) |
| **JONATHAN KLEIN, M.D.** | ) |
| 4110 Warrensville Center Road | ) |
| Warrensville Heights, Ohio 44122 | ) |
|  | ) |
|  | ) |
| and | ) |
|  | ) |
| **MARTIN HELLMAN, M.D.** | ) |
| 4110 Warrensville Center Road | ) |
| Warrensville Heights, Ohio 44122 | ) |
|  | ) |
|  | ) |
| and | ) |
|  | ) |
| **JOHN DOES 1 THROUGH 10,** | ) |
| **INCLUSIVE, DEFENDANTS** | ) |
| **WHOSE NAMES ARE UNKNOWN** | ) |
| **TO THE PLAINTIFFS AT THIS** | ) |
| **TIME** | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

Now comes Plaintiff Tarance L. Mixon, individually and as Administrator for the Estate of Tracy L. Mixon, deceased, by and through counsel, and for his Complaint against Defendants, states as follows:

## COUNT I

1. Plaintiff timely filed a complaint on May 11, 2004, against named Defendants. Such action was dismissed without prejudice pursuant to Ohio Civil Rule 41 (A)(1)(a) on July 12, 2004. This action is brought pursuant to the Plaintiff's right under laws of Ohio to re-file said action within one year of said dismissal without Prejudice.

2. At all times relevant hereto, Defendants John Does 1 through 10, inclusive, were persons, entities, medical providers and/or facilities whose names the Plaintiff does not know and has been unable to presently ascertain, but are people and/or entities who provided medical treatment to, or were responsible for supervising the medical treatment of, Tracy L. Mixon, deceased. Defendants John Does 1 through 10, inclusive, presently unnamed, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15 (D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of Plaintiff to discover the names of Defendants John Does 1 through 10, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by Plaintiff when such information becomes fully known to the Plaintiff.

3. Defendants Hough Norwood Medical Health Center, University Hospitals of Cleveland, South East Health Center, and South Pointe Hospital (hereinafter collectively referred to as "Hospitals") are and/or were duly organized domestic corporations, licensed to conduct business under the laws of the State of Ohio. Further, Defendants Hospitals held themselves out to the public, specifically Tracy L. Mixon, as competent and qualified to provide medical care and treatment.

4. Defendant Hough Norwood Medical Health Center had control of and was otherwise responsible for the Hospital located at 8300 Hough Avenue, in the City of Cleveland, Cuyahoga

County, Ohio, including the operation and maintenance of the premises, and for the treatment, care, and supervision provided by the agents and/or employees of the hospital. Further, Defendant Hough Norwood Medical Health Center's agents, employees, and/or representatives, who were acting within the course and scope of their employment with Defendant, were acting under an agreement, arrangement, and/or relationship known only by them at this time.

5. Defendant University Hospitals of Cleveland had control of and was otherwise responsible for the Hospital located at 11100 Euclid Avenue, in the City of Cleveland, Cuyahoga County, Ohio, including the operation and maintenance of the premises, and for the treatment, care, and supervision provided by the agents and/or employees of the hospital. Further, Defendant University Hospitals of Cleveland' s agents, employees, and/or representatives, who were acting within the course and scope of their employment with Defendant, were acting under an agreement, arrangement, and/or relationship known only by them at this time.

6. Defendant South East Health Center had control of and was otherwise responsible for the Hospital located at 13301 Miles Avenue, in the City of Cleveland, Cuyahoga County, Ohio, including the operation and maintenance of the premises, and for the treatment, care, and supervision provided by the agents and/or employees of the hospital. Further, Defendant South East Health Center' s agents, employees, and/or representatives, who were acting within the course and scope of their employment with Defendant, were acting under an agreement, arrangement, and/or relationship known only by them at this time.

7. Defendant Southe Pointe Hospital had control of and was otherwise responsible for the Hospital located at 4110 Warrensville Center Road, in the City of Warrensville Heights, Cuyahoga County, Ohio, including the operation and maintenance of the premises, and for the treatment, care, and supervision provided by the agents and/or employees of the hospital, including but not limited to, Harilal Gatha, M.D.; Jonathan Klein, M.D.; and Martin Hellman, M.D.

(hereinafter collectively referred to as "Doctors"). Further, Defendant South Pointe Hospital's agents, employees, and/or representatives, who were acting within the course and scope of their employment with Defendant, were acting under an agreement, arrangement, and/or relationship known only by them at this time.

8. Commencing on or about April, 2001 and continuing through May 13, 2002, Tracy L. Mixon, deceased, came under the care and treatment of Defendants Hospitals and Doctors, their agents and/or employees. While under their care and treatment, Defendants were negligent by, including but not limited to, failing to properly examine, diagnose, and care for Tracy L. Mixon, deceased, and failing to properly diagnose Tracy L. Mixon with bladder cancer, thereby resulting in her death.

9. Defendants took on the responsibility of caring for and treating Tracy L. Mixon, but failed to make appropriate differential decisions and failed to administer proper care and treatment to her, resulting in her death on May 13, 2002.

10. Plaintiff Tarance L. Mixon states that the care and treatment which the Defendants provided to Tracy L. Mixon, deceased, fell below acceptable standards of medical care and treatment, nursing care and treatment, and nursing home care and treatment, and that said Defendants were negligent.

11. As a direct and proximate result of the negligence of the Defendants, Tracy L. Mixon, deceased, was exposed to unreasonable risks of harm and negligent care and treatment.

12. By reason of their negligent acts and/or omissions, Defendants, their agents, representatives, servants, and/or employees, in the course and scope of their agency or employment, breached their duty of care and treatment to Tracy L. Mixon, deceased, by failing to exercise the appropriate degree of skill, care, and diligence in providing Tracy L. Mixon with medical care and

treatment ordinarily used by hospitals, physicians, nurses, and/or other medical personnel in like and similar circumstances.

13. As a direct and proximate result of the Defendants' negligence, Tracy L. Mixon, deceased, was caused to incur great pain and suffering, disability, pain of body and mind, loss of enjoyment of life, mental anguish, and was otherwise injured, resulting in her death on May 12, 2002.

WHEREFORE, Plaintiff Tarance L. Mixon, individually and as Administrator of the Estate of Tracy L. Mixon, demands judgment against the Defendants on Count I, jointly and severally, in an amount which exceeds Twenty-Five Thousand Dollars ($25,000.00), together with interest and the costs of this action.

## COUNT II - WRONGFUL DEATH

14. Plaintiff reavers and realleges each and every allegation contained in Paragraphs 1 through 13 of Count I, the same, as if fully rewritten herein.

15. Plaintiff Tarance L. Mixon states that he is the duly appointed Administrator of the Estate of Tracy L. Mixon, who died on May 13, 2002, leaving the heirs at law and/or next of kin surviving her each of whom had a pecuniary or other interest in her life, and this action is brought on their behalf under the statutes of the State of Ohio including, but not limited to, Ohio Revised Code §2125.02.

16. Defendants negligently failed to use that degree of care, skill, and diligence in providing Tracy L. Mixon, deceased, with proper and appropriate medical care and treatment ordinarily used by hospitals, nursing homes, physicians, nurses, and other medical personnel in like and similar circumstances, which ultimately resulted in the death of Tracy L. Mixon.

17. Defendants were negligent in their medical care and treatment of Tracy L. Mixon, and as a direct and proximate result of their negligence, Tracy L. Mixon failed to receive the necessary

care and treatment and, as a consequence, lost her life on May 13, 2002.

18. At the time of her death, Tracy L. Mixon was not provided and/or afforded the opportunity to live a full and productive life, nor to continue to experience the opportunity to bond with and love her heirs at law and next of kin now and in the future, and that by reason of the wrongful death of Tracy L. Mixon, her heirs at law and surviving next of kin have suffered severe mental anguish and emotional distress, a loss of her society and companionship, consortium and pecuniary losses.

19. At all times relevant hereto, Plaintiff Tarance L. Mixon, as Administrator of the Estate of Tracy L. Mixon, deceased, states that by reason of Decedent Tracy L. Mixon's wrongful death, the Decedent's statutory beneficiaries have been damaged, deprived of her society and companionship, suffered a loss of future services, a loss of love and affection, a loss of future inheritance, severe mental anguish and emotional distress, and have sustained pecuniary losses, including but not limited to, medical expenses and funeral and burial expenses.

WHEREFORE, Plaintiff Tarance L. Mixon, individually and as Administrator of the Estate of Tracy L. Mixon, demands judgment against the Defendants on Count II, jointly and severally, in an amount which exceeds Twenty-Five Thousand Dollars ($25,000.00), together with interest and the costs of this action.

## COUNT III - PUNITIVE DAMAGES

20. Plaintiff reavers and realleges each and every allegation contained in Paragraphs 1 through 18 of Counts I and II, the same, as if fully rewritten herein.

21. Defendants' conduct of improperly caring for Tracy L. Mixon, deceased, demonstrates actual malice and egregious fraud including conscious disregard for the rights and safety of Tracy L. Mixon, deceased, which constituted a great probability of causing substantial harm and did so cause substantial harm.

22. As a direct and proximate result of the wrongful and malicious conduct of the Defendants, Tracy L. Mixon, deceased, was caused to incur great pain and suffering and disability, and was otherwise injured resulting in her death on May 13, 2002.

WHEREFORE, Plaintiff Tarance L. Mixon, individually and as Administrator of the Estate of Tracy L. Mixon, demands judgment against the Defendants on Count III, jointly and severally, in the amount of Three Million Dollars ($3,000,000.00), together with interest and the costs of this action.

WHEREFORE, Plaintiff Tarance L. Mixon, individually and as Administrator for the Estate of Tracy L. Mixon, deceased, demands judgment against the Defendants, jointly and severally, on Counts I and II, each in an amount which exceeds Twenty-Five Thousand Dollars ($25,000.00), and on Count III, in an amount which exceeds Three Million Dollars ($3,000,000.00), together with interest, reasonable attorneys' fees and the costs of this action.

Respectfully submitted,

_____
MARTIN S. DELAHUNTY #0039014
Elk & Elk Co., L.P.A.
Landerhaven Corporate Center
6110 Parkland Boulevard
Mayfield Heights, Ohio 44124
Phone: (440) 442-6677
Fax: (440) 442-7944
Email: mdelahunty@elkandelk.com
*Attorney for Plaintiff*