UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TARANCE L. MIXON, individually and as Administrator for the Estate of TRACY L. MIXON, ) ) ) | CASE NO. 1:06 CV 350 <br><br> JUDGE DAN AARON POLSTER |
| Plaintiff, ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| vs. ) ) | |
| UNITED STATES OF AMERICA, et al., ) ) | |
| Defendants. ) | |

On June 21, 2005, Plaintiff Tarance L. Mixon ("Plaintiff") commenced this negligence and wrongful death action against Hough Norwood Medical Health Center ("HNMC"), South East Health Center ("SEHC"), University Hospitals of Cleveland, South Pointe Hospital, three individual physicians, and ten unidentified defendants in the Court of Common Pleas, Cuyahoga County. *ECF No. 1, Attach. 1* ("Compl."). On February 14, 2006, Defendants HNMC and SEHC removed the action to this Court on the grounds that the claims asserted against them fell within the scope of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. ("FTCA"). *ECF No. 1, Notice of Removal,* ¶ 3. According to the notice of removal, HNMC

and SEHC are eligible for coverage under the FTCA by way of the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n). *Id.* In addition, the government filed a notice of substitution of parties, replacing HNMC and SEHC as a defendant, and a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *ECF Nos. 3, 4.* Plaintiff did not move to remand the action to state court, nor did he oppose the substitution of the United States as a party.

The government moves to dismiss the claims asserted against it because Plaintiff failed to exhaust his administrative remedies, as required by the FTCA, before commencing this lawsuit. *ECF No. 4,* at 1. For the reasons set forth below, the government's motion is **GRANTED** and the claims against it are dismissed without prejudice. As the dismissal of these claims leaves this Court with only pendent state law claims against the non-federal medical providers, the remaining claims are hereby **REMANDED** to state court.

**I.**

Plaintiff is the administrator of the estate of Tracy L. Mixon, who died on May 13, 2002. *Compl.* ¶ 15. Plaintiff filed a negligence and wrongful death suit in state court on behalf of himself and Tracy Mixon's heirs, alleging that Defendants failed to provide adequate medical care to the decedent, thereby resulting in her death. *Compl.* ¶¶ 8-10, ¶¶ 18-19.

Under the Public Health Service Act, an action against the United States is the exclusive remedy for damages "for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a); *Seminario Navarrete v. Vanyur,* 110 F. Supp. 2d 605, 606

(N.D. Ohio 2000). The FTCA, in turn, provides that it is the exclusive remedy for any claim against the United States for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *Nin v. Liao,* No. 02 Civ. 8308(JCF)., 2003 WL 21018816, at *2 (S.D.N.Y. May 5, 2003); *Hutter v. Bennett,* No. 3:99CV7157, 1999 WL 1491776, at *4 (N.D. Ohio Oct. 21, 1999); *see also see also Miller v. United States,* No. 99-3998, 2000 WL 1140726, at *2 (6th Cir. Aug. 7, 2000) (unpublished opinion).

The FTCA requires the removal of those actions commenced in state court, and the substitution of the United States as the party-defendant, upon certification by the Attorney General that the defendant-employee was acting within the scope of his office or employment at the time of the incident. *See* 28 U.S.C. § 2679(d)(2); *Nin,* at *2; *see also* 28 C.F.R. § 15.4(a) (authorizing the United States Attorney to make the statutory certification that the federal employee was acting within the scope of his office or federal employment at the time of the incident). A "certification" is defined as a "formal assertion in writing of some fact." BLACK'S LAW DICTIONARY 227 (6th ed. 1990); *see Nwaokocha v. Sadowski,* 369 F. Supp. 2d 362, 376 (E.D.N.Y. 2005) (finding the request for substitution of the United States as defendant sufficient to satisfy the certification requirement). The Court finds that scope certification was established by the government's notice of substitution, to which the government annexed an exhibit evidencing the defendants-employees' federal status.[1] *See ECF No. 3, Notice of Substitution,*

---

[1] Where a party challenges the Court's subject matter jurisdiction through a Rule 12(b)(1) motion, evidentiary material beyond the pleadings may be considered without converting the motion into a Rule 56 motion for summary judgment. *Nin*, at *1; *see also Ernst v. Rising,* 427 F.3d 351, 372 (6th Cir. 2005).

3

*Exh. A,* at 1; *see also Notice of Substitution,* at 2 n.1. In addition, Plaintiff concedes in his complaint that Defendants were acting within the scope of their employment at the time of the negligent medical care. *Compl.* ¶¶ 4, 6, 12.

The FTCA requires the filing of an administrative claim with the appropriate federal agency prior to commencing a lawsuit. *See* 28 U.S.C. §§ 2401(b), 2675(a); *Nin,* at *4; *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Plaintiff commenced his lawsuit on June 21, 2005, and no administrative claim was filed prior to that date. *See Nin,* at *4.

On March 15, 2006, a telephone conference was held with Plaintiff's counsel and counsel for the government. During that discussion, counsel agreed that it would be appropriate to dismiss without prejudice the claims against the United States and to remand the remaining claims to state court.[2]

---

[2] In a situation where the United States is substituted as defendant, as here, the FTCA provides protection for a plaintiff who is not aware of the federal presence in a case. *See* 28 U.S.C. 2679(d)(5) (Savings Provision); *Filaski v. United States,* 776 F. Supp. 115, 117 (E.D.N.Y. 1991). Thus, Plaintiff's claim will not be time-barred provided that he commenced his state court action within two years of the date on which his claim accrued, and provided that he present his claim to the appropriate federal agency (in this case, the Department of Health and Human Services) within sixty days from this dismissal. *See* 28 U.S.C. 2679(d)(5); *Filaski,* 776 F. Supp. at 117. Upon a denial of the claim, or a failure of the agency to make a final disposition of the claim within six months of its presentation, *see* 28 U.S.C. § 2675(a), Plaintiff may serve an amended complaint including allegations of compliance with § 2679(d)(5), and thereby restore the action. *Id.* at 118.

The Court does not herein decide whether Plaintiff commenced his state court action within the statutory period prescribed by the Savings Provision of the FTCA, and therefore does not decide whether Plaintiff has any recourse under that provision. The Court notes, however, that this case was initially filed on May 10, 2004 in state court. HNMC and SEHC were both defendants in the first lawsuit. That case was dismissed without prejudice in July 2004, and then re-filed in June 2005.

Accordingly, the government's motion to dismiss **(ECF No. 4)** is **GRANTED**, and the claims against the United States are dismissed without prejudice. The remaining state law claims against the non-federal medical providers are hereby **REMANDED** to the Court of Common Pleas, Cuyahoga County.

**IT IS SO ORDERED.**

 */s/ Dan Aaron Polster 3/16/2006*
**Dan Aaron Polster**
**United States District Judge**